UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DANIEL TEKLEMARIAM HAGOS,<br><br>Petitioner,<br><br>v.<br><br>THE CITY OF SEATTLE,,<br><br>Respondent. | Case No. 2:19-cv-01326-JCC<br><br>**REPORT AND RECOMMENDATION** |

Petitioner Daniel Teklemariam Hagos submitted a 28 U.S.C. § 2254 petition for writ of habeas corpus challenging the manner in which a misdemeanor charge was dismissed. He also submitted a deficient application to proceed *in forma* pauperis. Dkt. 1. Under Rule 4 of the Rules Governing § 2254 cases, the Court is required to perform a preliminary review of a habeas petition. The Court should dismiss a habeas petition before the respondent is ordered to file a response, if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 also applies to habeas petitions brought under § 2241. *See* Rule1(b) of the Rules Governing Section 2254 cases ("The district court may apply any and all of these rules to a habeas corpus petition not covered" by 28 U.S.C. § 2254.).

REPORT AND RECOMMENDATION - 1

Because petitioner is not "in custody" for purposes of establishing 28 U.S.C. § 2254 jurisdiction, the Court recommends the petition be dismissed for lack of jurisdiction. If the recommendation is adopted, the Court recommends striking as moot any IFP application that petitioner might submit.

## BACKGROUND

The habeas petition submitted in this case alleges:

> I feel I'm still being attacked by the City of Seattle, because the City dismissed matter without prejudice for lack of evidence and proof. They tried to charge me with theft. And my attorney (public defender) did not call me for court on July 19, 2019 the day it got dismissed without prejudice.

Dkt.1 at 1. As relief, petitioner request this Court order the dismissal entered above be "with prejudice" and he be awarded "$300 to $300,000." *Id* at 16. The Court's records indicate that since July 2019, petitioner initiated two other actions. In *Hagos v. Parton, et al.*, C19-1150-RSM, submitted July 23, 2019, petitioner alleged police officers that arrested him on June 1, 2019 after a confrontation between petitioner and a postal employee. Petitioner alleges the officers used excessive force. And in *Hagos v. State of Washington*, C19-1231-RSL, submitted August 5, 2019, petitioner filed a petition for writ of habeas corpus challenging his July 29, 2016, convictions for Assault in the Fourth Degree and Assault in the Second Degree with a deadly weapon enhancement in King County Superior Court No. 16-1-00616-3.

## DISCUSSION

The federal habeas statute grants the United States District Courts jurisdiction to entertain petitions for habeas relief only from persons who are "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). *See also* 28 U.S.C. § 2254(a). The United States Supreme Court has interpreted the statutory language as requiring the habeas

REPORT AND RECOMMENDATION - 2

petitioner be "in custody" **under the conviction or sentence under attack** at the time his petition is filed. *Maleng v. Cook*, 490 U.S. 488, 491 (1989). In this case, petitioner avers the theft charges he challenges were dismissed without prejudice. Because petitioner was not convicted in the theft case set forth in his habeas petition, he is not in custody for purposes of federal habeas review. Petitioner is in custody for the conviction imposed in King County Superior Court No. 16-1-00616-3. But that is a matter subject another legal challenge because, as noted above, petitioner has filed a petition for writ of habeas corpus in this Court challenging the King County conviction. The Court thus has no § 2254 subject matter jurisdiction over the habeas petition filed in this case and it should accordingly be **DISMISSED**.

The Court also notes the present habeas petition should also be dismissed because the Court. may consider the merits of a habeas petition only if petitioner can show his state judgment and conviction violate his federal constitutional rights and only after he has fully and fairly presented the alleged violations to the Washington State Supreme Court. In short, a § 2254 federal habeas petition allows a federal court to provide a state prisoner with *post-conviction* collateral relief. However, § 2254 habeas relief is not available here because petitioner was not convicted in the theft matter alleged, and the highest state court has not addressed the claim petitioners asserts. *See Davis v. Silva*, 511 F.3d 1005, 1008 (9th Cir. 2008) (habeas relief not available where petitioner has not appealed his federal constitutional violations to the highest state court).

## CERTIFICATE OF APPEALABILITY

A petitioner seeking post-conviction relief under § 2254 may appeal a district court's dismissal of his federal habeas petition only after obtaining a certificate of appealability (COA)

REPORT AND RECOMMENDATION - 3

from a district or circuit judge. A certificate of appealability may issue only where a petitioner has made "a substantial showing of the denial of a constitutional right." See 28 U.S.C. § 2253(c)(3). A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Under this standard, this Court concludes that Mr. Lile is not entitled to a certificate of appealability in this matter.

## CONCLUSION

For the foregoing reasons, this Court recommends:

(1) The habeas petition herein be dismissed with prejudice pursuant to 28 U.S.C. § 2244(d)(1).

(2) Issuance of a certificate of appealability be denied.

(3) If the recommendation is adopted, any IFP application filed be stricken as moot.

This recommendation is not an order that is appealable to the Circuit Court of Appeals for the Ninth Circuit. Petitioner should not file an appeal until the assigned district judge has entered a final order in this matter. Petition may file objections to this no later than **September 9, 2019**.

(4) The Clerk shall provide petitioner with a copy of this report and recommendation.

(5) The Clerk should note the matter for **September 13, 2019**, as ready for the District Judge's consideration.

/

/

REPORT AND RECOMMENDATION - 4

(6)     Objections shall not exceed seven pages.  The failure to timely object may affect the right to appeal.

DATED this 23rd day of August, 2019.

_____
BRIAN A. TSUCHIDA
Chief United States Magistrate Judge

REPORT AND RECOMMENDATION - 5